IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARVIN HARRIS,

    Petitioner,

 v.

TIM VIRGA, Warden,

    Respondent.
                                        /

No. C 12-03775 SBA (PR)

**ORDER DISMISSING SUCCESSIVE PETITION WITHOUT PREJUDICE**

Petitioner, a state prisoner, filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and an application for leave to proceed in forma pauperis (IFP). He has also filed a motion for appointment of counsel, a motion to amend or correct his petition for a writ of habeas corpus, and a July 18, 2012 filing that was directed at the Ninth Circuit Court of Appeals. (Docket nos. 3, 4, 5.)

As explained below, Petitioner has filed a previous petition for a writ of habeas corpus with this Court, challenging the same conviction and sentence, which has been considered on the merits. See Harris v. Gomez, Case Nos. C 92-2180 JPV and C 92-2181 JPV (consolidated cases).

## DISCUSSION

Petitioner was convicted by a Contra Costa County jury of murder and sentenced to life without parole on November 3, 1988. He asserts numerous claims in the instant petition, primarily concerning the application of California's felony-murder rule.

It appears that Petitioner previously sought federal habeas review regarding this conviction in this district claiming, inter alia, double jeopardy, due process, speedy trial and Eighth Amendment violations. His petition was considered on the merits and dismissed with prejudice in 1992. See id.

Petitioner has filed previous habeas petitions, which have also been dismissed without prejudice as successive to Case Nos. C 92-2180 JPV and C 92-2181 JPV. See, e.g., Harris v. Virga, Case No. C 11-04304 SBA (PR); Harris v. Galaza, Case No. C 00-1406 SBA (PR).

A claim presented in a second or successive petition under 28 U.S.C. § 2254 that was presented in a prior petition must be dismissed. See 28 U.S.C. § 2244(b)(1). A claim presented in a

second or successive petition under 28 U.S.C. § 2254 that was not presented in a prior petition must be dismissed unless: (1) the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court; or (2) the facts underlying the claims (a) could not have been discovered previously through the exercise of due diligence and (b) if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the petitioner guilty of the underlying offense.  28 U.S.C. § 2244(b)(2).  Before a second or successive petition may be filed in the district court, however, the petitioner must first obtain an order from the United States Court of Appeals authorizing the district court to consider the petition.  Id. § 2244(b)(3)(A).

The Court notes that Petitioner's July 18, 2012 filing is a courtesy copy of a motion filed in the Ninth Circuit because it is captioned, "In the United States Court of Appeals For the Ninth Circuit."  (Pet'r July 18, 2012 Filing at 1.)  While the majority of this filing is difficult to understand, the first line of reads as follows: "A motion for permission in the court of appeals for an order authorizing the district court to consider a second or successive application."  (Id. at 1.)  The Court presumes that Petitioner is asserting that he filed this motion to obtain an order from the Ninth Circuit authorizing this Court to consider the instant petition.  However, nothing in the record shows that the Ninth Circuit has issued a notice or an order indicating that it has received or granted Petitioner's motion.

Because Petitioner has not obtained permission from the Ninth Circuit to file a second or successive petition, the Court cannot order his case to proceed.  Accordingly, this petition is DISMISSED without prejudice to filing a new habeas action if Petitioner obtains the necessary order.

**CONCLUSION**

For the foregoing reasons, the petition is DISMISSED pursuant to 28 U.S.C. § 2244(b).  The Court has rendered its final decision on this matter; therefore, this Order TERMINATES Petitioner's case.

Based solely on Petitioner's lack of financial resources, his application to proceed IFP (docket no. 2) is GRANTED.

1   The Clerk of the Court shall terminate all other pending motions as moot and close the file.

2   This Order terminates Docket nos. 2, 3, and 4.

3   IT IS SO ORDERED.

4   DATED:   8/1/12

SAUNDRA BROWN ARMSTRONG
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN HARRIS, | Case Number: CV12-03775 SBA |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| TIM VIRGA WARDEN et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 3, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Marvin Harris D-99649
New Folsom State Prison
P.O. Box 290066
Represa, CA 95671

Dated: August 3, 2012

Richard W. Wieking, Clerk
By: Lisa Clark, Deputy Clerk

G:\PRO-SE\SBA\HC.12\Harris3775.grantIFPdisSUCC.wpd            4